UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LARRY FLENOID, | ) | |
| --- | --- | --- |
| Movant, | ) | |
| v. | ) | No. 4:20 CV 488 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a document[1] filed by movant Larry Flenoid that has been construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive, and movant has not sought authorization from the United States Court of Appeals for the Eighth Circuit for this Court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). Therefore, for the reasons discussed below, the Court will dismiss the motion without further proceedings.

### **Background**

On January 22, 2004, following a jury trial, movant was convicted of one count of escape and one count of being a felon in possession of a firearm. *United States v. Flenoid*, No. 4:03-cr-501-CDP-1 (E.D. Mo.). On April 9, 2004, movant was sentenced to sixty months on the escape count, and to life on the felon in possession of a firearm count, the sentences to run concurrently. Movant filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit affirmed the judgment of this Court on July 29, 2005. *United States v. Flenoid*, No. 04-1899 (8th Cir. 2005).

---

[1] Movant has titled the document "Motion Pursuant to United States Constitution Article III §2 cl.1; 28 U.S.C. § 1331 or in the Alternative 28 U.S.C. § 1651(a) 'The All Writs Act.'"

Movant's petition for writ of certiorari to the United States Supreme Court was denied on January 23, 2006. *Flenoid v. United States*, 126 S.Ct. 1179 (2006).

Movant filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence on January 3, 2007. *Flenoid v. United States*, No. 4:07-cv-8-RWS (E.D. Mo.). In the motion, movant alleged ineffective assistance of counsel, as well as various violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. The Court denied movant's motion on June 18, 2009. After the Court denied movant's subsequent motion for reconsideration, movant filed an appeal.

On February 26, 2010, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal. *Flenoid v. United States*, No. 09-3583 (8th Cir. 2010). Movant filed a motion for reconsideration in the Eighth Circuit, which was also denied. Movant filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 4, 2010. *Flenoid v. United States*, 131 S.Ct. 240 (2010). Thereafter, movant filed a motion to reopen the case in this Court. The motion was denied on December 6, 2010. *Flenoid v. United States*, No. 4:07-cv-8-RWS (E.D. Mo.). Movant again filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment on February 17, 2011. *Flenoid v. United States*, No. 11-1035 (8th Cir. 2011). The United States Supreme Court denied movant's petition for writ of certiorari on October 3, 2011. *Flenoid v. United States*, 132 S.Ct. 286 (2011).

Movant filed his second § 2255 motion on September 21, 2015. *Flenoid v. United States*, No. 4:15-cv-1444-RWS (E.D. Mo.). On September 22, 2015, the Court denied the motion without prejudice because it was successive, and because movant did not first obtain permission from the United States Court of Appeals for the Eighth Circuit before filing in the district court. Rather than dismiss the action, however, the Court transferred the motion to the Eighth Circuit pursuant to 28

U.S.C. § 1631. On November 10, 2015, the United States Court of Appeals for the Eighth Circuit granted movant's motion to dismiss, and dismissed the appeal. *Flenoid v. United States*, No. 15-3339 (8th Cir. 2015).

On November 9, 2015, movant filed his third § 2255 motion to vacate, set aside, or correct sentence. *Flenoid v. United States*, No. 4:15-cv-1689-RWS (E.D. Mo.). The Court denied the motion as successive, and dismissed the action on November 13, 2015. Movant filed two separate motions seeking to alter or amend the Court's judgment. Both were denied.

On December 14, 2015, movant filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit denied movant's petition for authorization to file a successive habeas application in the district court on October 28, 2016. *Flenoid v. United States*, No. 16-2590 (8th Cir. 2016).

Movant filed a motion to reopen his original § 2255 case on December 6, 2017. *Flenoid v. United States*, No. 4:07-cv-8-RWS (E.D. Mo.). The motion was denied, as was movant's subsequent motion for reconsideration. Movant filed a notice of appeal on February 16, 2018. The United States Court of Appeals for the Eighth Circuit summarily affirmed the judgment of this Court on May 22, 2018. *Flenoid v. United States*, No. 18-1373 (8th Cir. 2018). The United States Supreme Court denied his petition for writ of certiorari on December 10, 2018. *Flenoid v. United States*, 139 S.Ct. 652 (2018).

Following the denial of certiorari, movant filed a motion for leave to resubmit traverse, which was denied on February 27, 2019. He then filed a motion requesting relief from the judgment. The Court denied this motion on March 6, 2019.

Movant filed the instant motion on April 6, 2020.

## The Motion

The motion movant filed with the Court is titled "Motion Pursuant to United States Constitution Article III §2 cl.1; 28 U.S.C. § 1331 or in the Alternative 28 U.S.C. § 1651(a) 'The All Writs Act.'" As noted in the title, movant provides three separate bases for this Court's jurisdiction to entertain his motion: the United States Constitution;[2] 28 U.S.C. § 1331;[3] and 28 U.S.C. § 1651.[4] (Docket No. 1 at 2). In the motion, movant asks the Court to "provide him with a full and fair substantive analysis of the federal questions presented," as well as expedited "resolution of the relief being sought." (Docket No. 1 at 1).

Movant raises two issues in his motion. (Docket No. 1 at 3). Both issues relate to movant's 1982 federal conviction for five counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a). (Docket No. 1 at 5). In that case, movant states that he pled guilty on September 30, 1982, and was sentenced to concurrent fifteen-year sentences, with an additional five-year term of "Special Parole." Movant explains that when he was sentenced in *United States v. Flenoid*, No. 4:03-cr-501-CDP-1 (E.D. Mo. Apr. 9, 2004), the criminal case underlying the instant motion, the probation officer conducting the presentence investigation determined that he had seven prior convictions, qualifying him for sentencing pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). According to movant, his 1982 federal convictions counted as four "separate and distinct serious drug offenses for ACCA enhancement purposes." (Docket No. 1 at 5-6).

---

[2] Article III, section 2, clause 1 of the United States Constitution provides: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."
[3] 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."
[4] 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Movant asserts that following the Anti-Drug Abuse Act of 1986, the United States Sentencing Commission adopted a "weight down scheme that uses the weight of drugs involved in the offense as the sole proxy to identify major and serious dealers." (Docket No. 1 at 7). Pursuant to this scheme, movant contends that his four 1982 convictions should be nullified from eligibility for 18 U.S.C. § 924(e) enhancement. (Docket No. 1 at 6). Furthermore, movant argues that his attorney was ineffective at the critical stage of the sentencing hearing by "failing to investigate and become aware of the specific definition/criterion pertaining to what constituted a serious drug offense for a prior conviction to qualify for 18 U.S.C. § 924(e)(2)(A)(i) enhancement." (Docket No. 1 at 8-9).

Although movant acknowledges that his attorney did object to the recommended ACCA enhancement, he alleges that this objection was "perfunctory" and "quickly and easily refuted by the government." (Docket No. 1 at 9). Movant claims that his attorney's "failure to research, investigate or otherwise acquaint himself with the particulars of [t]he Drug Sentencing Table" prejudiced him, because he would otherwise have received a lesser sentence. (Docket No. 1 at 10).

Movant seeks expedited "redress of the questions presented and resurrection of his Constitutional protection against suffering the hardships of a plain Miscarriage of Justice." (Docket No. 1 at 13).

**Discussion**

Movant is a pro se litigant currently incarcerated at the Federal Correctional Institution in Terra Haute, Indiana. He has filed a motion with the Court that has been construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the motion must be denied and dismissed as successive.

**A. Successiveness**

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255(h).[5] *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

Here, as discussed above, movant has filed prior § 2255 motions. To be precise, this is his fourth such motion. Movant's first 28 U.S.C. § 2255 motion was denied on the merits on June 18,

---

[5] Pursuant to 28 U.S.C. § 2255(h), a panel of the appropriate court of appeals must certify a second or successive motion to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

2009. The second § 2255 motion was transferred by the Court to the United States Court of Appeals on September 22, 2015. The third § 2255 motion was denied by the Court as successive on November 13, 2015. The instant motion is movant's fourth § 2255 motion. Before he can bring a successive § 2255 motion in this Court, he must receive authorization from the United States Court of Appeals for the Eighth Circuit. Movant has not sought or received such authorization. Therefore, the motion must be dismissed.

### B. Movant's Characterization of Motion as Arising Under U.S. Constitution, 28 U.S.C. § 1331, or 28 U.S.C. § 1651

In his motion, movant makes an effort to stress that this Court's jurisdiction arises from one of three separate bases: the United States Constitution, art. III, § 2, cl. 1; 28 U.S.C. § 1331; or 28 U.S.C. § 1651. Presumably, movant has characterized his motion in this manner in order to avoid the bar on second or successive motions without prior authorization from the court of appeals. Indeed, in his motion for random assignment of an Article III judge, movant expressly seeks "to obtain the least resistance to this meritorious motion…and not have his motion misconstrued as a second or successive § 2255." (Docket No. 2). Movant's contention that his present motion is not a § 2255 motion is not persuasive.

In this case, movant is arguing that his sentence was wrongly enhanced and that his attorney's failure to object to his sentencing was constitutionally defective under the Sixth Amendment. This type of collateral attack is typically made pursuant to 28 U.S.C. § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (stating that the purpose of § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus" regarding jurisdictional and constitutional errors); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating that it is well settled that "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"); and *United*

7

*States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that "[a] challenge to a federal conviction…is most appropriately brought as a motion under 28 U.S.C. § 2255"). In other words, the substance of movant's challenge is of the type ordinarily brought pursuant to § 2255.

Moreover, movant's characterization of his motion is not controlling. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). That is, movant cannot avoid the prohibition against bringing repeat § 2255 motions in the district court merely by re-characterizing the action. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (stating that inmate could "not bypass the limitation on successive habeas petitions" by claiming that his action was actually under Fed. R. Civ. P. 12(b)(2)); *Boyd*, 304 F.3d at 814 (remanding movant's Fed. R. Civ. P. 60(b) motion to the district court for dismissal, "because it is, on its face, a second or successive 28 U.S.C. § 2255 petition"); and *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (explaining that § 2255 was the appropriate means for movant to challenge her sentence, and that a writ of coram nobis could not be used to circumvent "the second or successive provisions of § 2255").

Despite the motion's title, and despite movant's assertions, the instant action is the "functional equivalent of a successive habeas action, regardless of its technical label." *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (agreeing with district court that inmate's 42 U.S.C. § 1983 action was functionally a successive habeas action requiring permission from the court of appeals to be filed). Movant has not sought or received authorization from the United States Court of Appeals for the Eighth Circuit to file a successive §2255 motion. Therefore, movant's motion must be denied, and this action dismissed.

## C. Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that movant is attempting to seek relief pursuant to 28 U.S.C. § 2255, despite his alternative characterization of the instant action as arising under Article III of the United States Constitution, 28 U.S.C. § 1331, or 28 U.S.C. § 1651. The motion is successive, and movant has not sought or received authorization from the court of appeals for an order allowing this Court to consider the application. The Court thus lacks jurisdiction to consider movant's request for relief. As such, the motion will be denied and this action dismissed.

## D. Motion for Random Assignment

Movant has filed a motion titled "Motion Pursuant to Eastern District of Missouri Local Rule 208 for Random Assignment of this Motion for Redress of Federal Questions Presented to a[n] Article III Judge." (Docket No. 2). In the motion, movant asks that his case be assigned "in accordance with the random assignment process." He further seeks "to obtain the least resistance to this meritorious motion receiving a full and fair substantive redress of the federal questions" he has presented. He also states that he does not want "his motion misconstrued to be a second or successive § 2255." Finally, movant asks that his case not be assigned to a magistrate judge.

As discussed above, despite movant's characterization of his action, this motion is the functional equivalent of a motion pursuant to 28 U.S.C. § 2255, and the Court has construed it as such. A "motion under 28 U.S.C. § 2255 is entered on the docket of the original criminal case and is typically referred to the judge who originally presided over the challenged proceedings." *See Wall v. Kholi*, 562 U.S. 546, 560 (2011). *See also* Rule 4(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts (stating that "[t]he clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence…If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure").

The judge who actually presided over movant's criminal case is no longer serving the United States District Court for the Eastern District of Missouri. Thus, movant's original criminal case was reassigned to the undersigned on November 23, 2015.

Upon the filing of movant's motion on April 6, 2020, it was construed as a § 2255 motion and docketed in his criminal case, as required. As this Court is now presiding over movant's criminal case, his § 2255 motion was assigned accordingly. Therefore, movant's motion for random assignment of an Article III judge is denied.

### E. Motion Seeking Expedited Redress

Movant has also filed a motion titled "Motion Seeking [Expedited] Redress of the Enclosed Motion Pursuant to United States Constitution Article III § 2 cl. 1; 28 U.S.C. § 1331 or in the Alternative 28 U.S.C. § 1651(a) 'The All Writs Act.'" (Docket No. 3). The motion will be denied as moot as movant's motion is being denied and dismissed as successive.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that movant's "Motion Pursuant to Eastern District of Missouri Local Rule 208 for Random Assignment of this Motion for Redress of Federal Questions Presented to a[n] Article III Judge" (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that movant's "Motion Seeking [Expedited] Redress of the Enclosed Motion Pursuant to United States Constitution Article III § 2 cl. 1; 28 U.S.C. § 1331 or in the Alternative 28 U.S.C. § 1651(a) 'The All Writs Act'" (Docket No. 3) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2020.